### Purkis cont$^a$ Winder &c$^a$

George Purkis Attourny to Laurence Baskervyle plaint. cont$^a$ the goods or Estate late belonging unto John Winder Merch$^t$ in the hands of John Palmer who married with Sarah the Relict & Adm$^x$ of the s$^d$ Estate or wheresoever else it may bee found: And the goods or Estate late belonging unto Robert Gibbs Merch$^a$ in the hands of Jonath$^n$ Curwin who married with Elizabeth the Relict & Adm$^x$ of the Estate of the s$^d$ Gibbs, Also the goods of James Whetcombe Merch$^a$ them or either of them Defend$^t$ for not paying the Summe of one hundred and thirty pounds good & lawfull money of England due by bond under the hands & Seales of s$^d$ Winder Gibbs & Whetcombe dat$^d$ 19th Febru$^{ry}$ 1663. wherein they stand jointly & severally bound for the Summe afores$^d$ with damages: . . . The Jury . . . found for the Defend$^{ts}$ costs of Court. The plaint. Appealed from this Iudgem$^t$ unto the next Court of Assistants & put in Security for prosecution thereof to effect.

[ The letter of attorney from Lawrence Baskervyle of London to George Purkis is in S. F. 1795.6, with the following annexes:

To all that shall see these pu$^r$sents or hear them to bee read S$^r$ Thomas Davies Knight Lord Maior and the Aldermen or Senators of the Citty of London send greeting Know yee that on the day of the date hereof in the Kings Majesties Court holden Before us in the Chamber of the Guildhall of the s$^d$ Citty personally came and appeared Thomas Pownsett of London Scrivener aged Fifty six yeares or thereabouts being a person well knowne & worthy of good Credit and did by his solemn Oath which hee tooke upon the holy Evangelists of Almighty God at the instance and request of Laurence Baskervyle Citizen & Fishmonger of London Before us then and there solemnly declare testify and depose to bee true That hee was present and did see Iohn Winder Robert Gibbs and Iames Whetcomb of London Merchants Signe Seale and as their act and deed deliver to the use of Samuel Proudlove and the s$^d$ Laurence Baskervyle or either of them the Original bond or Obligacion now produced in Court and showne unto him fair and uncancelled bearing date the nineteenth day of February one thousand Six hundred Sixty three of the penalty of one hundred and thirty pounds with condition for payment of Sixty Seven pounds five Shillings and four pence on the first day of March one thousand Six hundred Sixty four And this deponent as a witness of the Sealing & delivery of the s$^d$ bond did set and Subscribe his name thereunto as in and by the same it doth appeare. Jn Faith and Testimony whereof wee the s$^d$ Lord Maior and Aldermen the Seale of the Office of Maioralty of the s$^d$ Cittie of London to these pu$^r$sents have caused to bee put and appended And the afores$^d$ Originall bond with a procuration Signed and attested by Anthony Wright of London Notary publick to bee hereunto annexed. Dated in London the Eight and twentieth day of August Ann$^o$ Dom$^i$ 1677 and in the nine and twentieth year of the Reign of our Sovereign Lord Charles the Second by the grace of God King of England &c$^a$.

Wagstaffe

Vera Copia Attest$^r$ Js$^a$ Addington Cler

Noverint uniu$^r$si per p$^r$sentes Iohannem Winder Robertum Gibbs et Iacobum Whetcombe de London. Mercators teneri et firmiter obligari Samueli Proudlove et Lawrencio Baskervyle Civibz. et piscinars. Londin. in Centum et Triginta Libris bene et Legalis monete Angl. Solvend. eisd. Samueli Proudlove et Lawrencio Baskervyle aut [eor$^m$] alter seu eor$^m$ cert. Attorn. Executor Administrator vel Assignat suis Ad quam quidem Solucionem bene et fidelr. faciend. obligamus nos et Quemlibet [nrm.] per se pro toto et in Solid. hereds. Executor et Administrator nros. ac cujuslibet nrm. firmiter per pu$^r$sentes Sigillis nris. Sigillat Dat. Decimo nono die Februarij Ann$^o$ Dom$^i$ 1663. Annoq. Regni Dm. nri. Caroli Secundi Dei gra. Angl. Scotiæ Franc et Hibniae. Regis Fidei Defensor. &c$^a$ Decimo Sexto.

The Condicion of this Obligacion is such that if the above bound Iohn Winder Robert Gibbs & Iames Whetcombe or any of them their or any of their heires Exec$^{ts}$ Adm$^{rs}$ or Assignes do well and truly pay or cause to bee paid unto the abovenamed Samuel ProudLove and Lawrence Baskervyle or either of them their or either of their Exec$^{rs}$ Adm$^{rs}$ or Assignes at or in the now Shop of the s$^d$ Samuel and Lawrence scituate in milke Street London the Summe of threescore and Seven pounds five Shillings four pence of lawfull money of England on the first day of March which shalbee in the year of our Lord One thousand Six hun-

dred Sixty and four and without any further delay fraud or Covin that then this Obligation to bee void and of none Effect or else to stand and remain in full force and virtue.

John Winder & a Seale
Robert Gibbs & a Seale
James Whetcombe & a Seale

Sealed & Deliu$^{rd}$ in the pu$^r$sence of us:
    John Bell: Will$^m$ Stratford
    Tho: Pownsett Scr.

Own$^d$ in Court. 28° Janur° 78. by James Whetcombe. attests Js$^a$ Addington Cler.
    Vera Copia Attest$^r$ Js$^a$ Addington Cler.

Purkis' reasons of appeal are in S. F. 1795.5. They state that the bond was made to Proudlove and Baskervyle or either of them, or to the attorney or assignee of either of them, "soe y$^t$ either of them dividually had sufficient power in themselues which they or one of them might legally assigne or Communicate to an other & it sayes; (vel Assignat Suis) Soe y$^t$ none but in reason must beleue y$^t$ the Assine or Atturney of either of the Principalls have power to Sue receiue & give Legall discharges in this Case."

The answer to the Reasons of Appeal (S. F. 1795.3) makes the following points. First, whatever was paid to Proudlove (the obligee who did not give the power of attorney) was paid on this bond; and the defendant had no reason to bring into court Proudlove's receipts as a defense inasmuch as Proudlove was not named in the action. Second, the power of attorney was not good because it did not come from Proudlove, who was "first named in the bond, and in reason to be accounted Principle before m$^r$ Lawrence Baskervyle, for soe it was in those dayes, that m$^r$ Baskervyle was little knowne in London, and lookt upon onely as an inferior to m$^r$ Proudlove." Third, the power of attorney is invalid because not signed by both principals; for "the words in the bond are (seu eor$^m$ cert$^m$ Attorn.) whereby it plainely appeares, that the power of Atturneyship is from both, and not divided." Fourth, Purkis (in the passage quoted above from his reasons of appeal) "by confusedly Joyneing the two words, Atturney, and Assignee together," tries to ignore the distinction in the bond that either principal could assign, but both must sign a power of attorney; "Because, though the bond sayes, (vel Assignatis suis) his Assignes); yett when it Speakes of Atturney, it sayes, (seu eor$^m$ cert$^m$ Attorn.) or the certaine Atturney of them, soe that . . . the onely full power of grauting Atturnyship lyes in both of them conjunctly, . . . soe the Appealant had noe pwer to sue." The defendant's final point is, "the law, title Attachments, sayes, if the person and cause be rightly

understood, &c: But in this cause, by the attachment; the Defendant, without Revelation, or divination, (neither of which he yett hath) could possibly rightly understand, what he was sued for; untill the bond appeared in Court." The bond then showed the defendant that the suit was for money due to Proudlove and Baskervyle, but he was wholly unprepared to meet such a claim, having had no reason to produce Proudlove's receipts. If now cast, the defendant would lose the moneys already paid to Proudlove. The only reason for his not producing the receipts was the plaintiff's negligent or intentional omission to put Proudlove's name in the attachment as the law required to make the person and cause rightly understood. Therefore, the defendant hoped for a non-suit in the County Court; but when he was overruled, the jury, "according to their discretion & Judgement of the law," found for the defendant.

The Court of Assistants (Records, i. 141) found for the Winder estate, with 35$s$ 10$d$ costs.]